```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOMINIC M. GAITO,              :    CONSOLIDATED UNDER
ET AL.                         :    MDL 875
                               :
     Plaintiffs,               :
                               :
                               :
     v.                        :
                               :
                               :
A-C PRODUCT LIABILITY TRUST,   :    E.D. PA CIVIL ACTION NO.
ET AL.,                        :    2:11-30281-ER
                               :
     Defendants.               :
```

**O R D E R**

**AND NOW**, this **28th** day of **September, 2015**, upon consideration of the Thompson Hine Shipowner Defendants'[1] Motion for Summary Judgment (Judicial Estoppel) (ECF No. 66), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that the motion is **DENIED in part** and **DENIED without prejudice in part**, as follows:

>    (1)  The motion is **DENIED** as to the arguments related to judicial estoppel (with respect to <u>all</u> claims);

---

[1]  These Defendants are: (1) Mathiasen's Tanker Industries, Inc., (2) Trinidad Corporation, (3) American Export Isbrandtsen Lines, Inc., (4) Farrell Lines Incorporated, (5) Margate Shipping Company, (6) Shipco 669, Inc., (7) Marine Transport Lines, Inc., (8) Sun Company, Inc., (9) Sun Oil Corp., and (10) Montpelier Tanker Company.

(2) With respect to Plaintiffs' <u>non-malignancy</u> claims, the motion is **DENIED without prejudice** as to the arguments related to the real party in interest/standing; and

(3) With respect to Plaintiffs' <u>malignancy</u> claims, the motion is **DENIED** as to the arguments related to the real party in interest/standing.

It is **FURTHER ORDERED,** in accordance with the accompanying memorandum, as follows:

(1) The Clerk of this Court shall (a) make a copy of this order and the accompanying memorandum and file said copy on the docket of Mr. Gaito's bankruptcy case in the Bankruptcy Court for the Eastern District of Pennsylvania (No. 01-bk-33370-BIF)(the "Second Bankruptcy"); (b) ascertain the identity of the trustee to that bankruptcy (the "Second Trustee"); and (c) serve a copy of said order and memorandum upon the Second Trustee at his/her last known address;

(2) The Second Trustee will have sixty (60) days from the date of the filing of the memorandum and order on the docket of the Bankruptcy Court to provide a signed letter to this Court (a)

confirming that he/she has petitioned the Bankruptcy Court to reopen Mr. Gaito's Second Bankruptcy proceedings and (b) certifying his/her intention to be added as a party-plaintiff in the instant case (substituting only as to the non-malignancy claims, with the Administrators of Mr. Gaito's estate (Willard E. Bartel and David E. Peebles) continuing as the named Plaintiffs with respect to the malignancy claims);

(3) Once the Second Trustee has petitioned the Bankruptcy Court to reopen the Second Bankruptcy proceedings, and until a motion for addition as a party-plaintiff (substituting only for the non-malignancy claims) has been filed by the Second Trustee, he/she is to file a monthly status update with this Court (by the last day of each month), (a) informing the Court of the status of the petition to reopen the Second Bankruptcy proceedings, and (b) certifying his/her continuing intention to pursue the non-malignancy claims in the instant case;

(4) If the Second Bankruptcy proceedings are reopened, the Second Trustee will have thirty

3

(30) days from the date of the bankruptcy court's order reopening those proceedings to move in the instant case to be added as a party-plaintiff (substituting only for non-malignancy claims);

(5) In the event that the Second Trustee (a) fails to advise this Court within the sixty (60) day timeframe that he/she has petitioned the Bankruptcy Court to reopen Mr. Gaito's Second Bankruptcy proceedings and intends to proceed with the non-malignancy claims, (b) declines to petition for reopening of those proceedings, (c) fails to provide a monthly status update after having petitioned the Bankruptcy Court, or (d) fails to move to be added as a party-plaintiff in the instant case (substituting only for the non-malignancy claims) within thirty days of the Bankruptcy Court's reopening of the Second Bankruptcy case: the Court will give Plaintiffs an additional thirty (30) days[2] to provide this Court with notice that it intends to (1) pursue only the malignancy claims, or (2) petition the

---

[2] This would be ninety (90) days from the date the memorandum and order are filed on the Bankruptcy Court's docket (for events pursuant to 5(a) or 5(b); or thirty (30) days from the date of the pertinent failure pursuant to 5(c) or 5(d)).

4

Bankruptcy Court for the Eastern District of Pennsylvania to reopen the Second Bankruptcy proceedings and move in that court to compel abandonment of the non-malignancy claims.

                **AND IT IS SO ORDERED.**

                <u>**s/ Eduardo C. Robreno**</u>
                **EDUARDO C. ROBRENO,  J.**